IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY LOCKETT, | ) |
| | ) No. 22-cv-7336 |
| Plaintiff, | ) |
| | ) Judge Jorge L. Alonso |
| v. | ) |
| | ) |
| LOUIS DeJOY, Postmaster General | ) |
| of the United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

Plaintiff Terry Lockett ("Lockett") filed this lawsuit against Defendant Louis DeJoy, Postmaster General of the United States Postal Service ("USPS" or "Defendant"), alleging employment discrimination and retaliation based on race and age. Defendant moves to dismiss Lockett's claims as judicially estopped and because Lockett lacks standing. For the reasons that follow, the Court grants Defendant's motion [11].

## Background

The Court takes the following facts from the complaint, unless otherwise noted, which are accepted as true for motion to dismiss purposes. *See Lax v. Mayorkas*, 20 F. 4th 1178, 1181 (7th Cir. 2021).

Lockett was born in 1954 and began working for Defendant on September 24, 1987. (Compl. 2, 6,[1] ECF No. 1.) At his time of termination in 2016, Lockett was a truck driver for Defendant. (*Id*. at 2.) Lockett is African-American. (*Id*.)

---

[1] Although the Complaint contains numbered paragraphs, those numbers unhelpfully restart from six every few pages and so are not consecutive. The Court accordingly cites to the page numbers of the Complaint.

1

During Lockett's employment, Lockett's supervisor, Transportation Manager Ruben Garcia, made both age and race based discriminatory comments to Lockett. (*Id*. at 3.) Specifically, Garcia referred to Lockett as "n****r" and "you people" and told Lockett that he would fire his "black ass" if he did not do as instructed. (*Id*.) Garcia is not African American. (*Id*. at 3.) Garcia, together with Transportation Manager Brian Deardorf, made age based discriminatory comments to Lockett, referring to Lockett as "old man" and telling him he was "too old" to do his job. (*Id*. at 6.) Lockett was told that he should retire even though he was still capable of working for several more years before retiring. (*Id*. at 14.) Plaintiff was initially terminated in 2015 but returned to work that same year after filing complaints of race and age discrimination against Defendant. (*Id*. at 3, 6.) Lockett's complaints led to a mediation with Garcia and Deardorf and resulted in a settlement in August 2015. (*Id*. at 10.)

Shortly after Lockett's return, Garcia had a "mission" to terminate Lockett because of his race and age. (*Id*. at 3, 6.) Lockett received a Letter of Removal dated December 15, 2016, accusing Lockett of "unacceptable behavior" for allegedly receiving an overpayment of unemployment benefits in 2015. (*Id*.) Lockett alleges that Defendant's reasons for termination were a pretext for race and age discrimination and that Lockett's performance was good, if not better, than certain non-African American and/or younger employees who were not discharged. (*Id*. at 3–4, 7.) Lockett further alleges that he was investigated and terminated in 2017 in retaliation for his 2015 discrimination complaints. (*Id*. at 10.)

On March 11, 2017, Lockett submitted an Equal Employment Opportunity ("EEO") complaint for employment discrimination based on age and race, which he references in and

2

attaches to the Complaint. (*Id*. at 2, 5, 9; ECF No. 1-1.)² Eight months later, on November 10, 2017, Lockett filed for Chapter 13 bankruptcy. (Voluntary Pet. for Individuals Filing for Bankr., ECF No. 12-2 ("Bankr. Pet.").)³ In his bankruptcy petition, Lockett was required to disclose any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment," with "employment disputes" listed as an example. (*Id*. at 17 of 76.) Lockett checked a box that indicated "No." (*Id*.) He then affirmed under penalty of perjury that the information he provided regarding his assets and potential assets was true and correct. (*Id*. at 41 of 76.) The bankruptcy court entered an order discharging over $90,000 of Lockett's debts in July 2021. (ECF Nos. 12-3, 12-4.) The bankruptcy court closed the case on October 20, 2021. *In re Terry Lockett*, Case No. 17-33806 (Bankr. N.D. Ill.) (ECF No. 72.) Lockett filed this employment discrimination lawsuit on December 29, 2022. (ECF No. 1.) At no point has Lockett amended his bankruptcy petition to correct his false statement. *See In re Terry Lockett*, Case No. 17-33806 (Bankr. N.D. Ill.).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

---

² The Court takes the date of the EEO complaint from the copy that is attached to the Complaint. A "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c); *see also United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) ("[T]he district court may take into consideration documents incorporated by reference to the pleadings."). That said, "dismissal on the basis of facts in that instrument is proper only if the plaintiff relies upon it 'to form the basis for a claim or part of a claim[.]'" *Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004). Regardless of whether Lockett relies upon the EEO complaint to form the basis of his claim, for the reasons set forth below, the dismissal of this lawsuit does not turn on the date on which Lockett filed his EEO complaint.

³ A district court may take judicial notice of bankruptcy documentation in a motion to dismiss because it is part of public court records. *Kimble v. Donahoe*, 511 F. App'x 573, 575 n.2 (7th Cir. 2013) (citations omitted); *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081–82 (7th Cir.1997).

3

2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. (Compl. at 1–2.)

## Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

When considering a motion to dismiss, courts "accept the allegations in the complaint as true, and . . . draw all reasonable inferences in favor of the plaintiff." *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 307 (7th Cir. 2021) (citation omitted). But "allegations in the form of legal conclusions are insufficient" to survive a motion to dismiss, as are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (citations and internal quotation marks omitted).

"Judicial estoppel is sometimes treated as an affirmative defense." *Toepper v. Medicredit, Inc.*, No. 18-CV-8195, 2019 WL 13256650, at *2 (N.D. Ill. May 2, 2019) (citations omitted). Generally, affirmative defenses are not proper bases for granting a Rule 12(b)(6) motion. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). However, a

court may dismiss a complaint under Rule 12(b)(6) based on an affirmative defense when "(1) the facts that establish the defense are definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record . . . and (2) those facts conclusively establish the defense." *Johnson v. Oystacher*, No. 15-CV-02263, 2019 WL 4749913, at *3 (N.D. Ill. Sept. 30, 2019); *see also Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014). Here, the Court finds that it can rule on judicial estoppel at this stage based on the allegations in the Complaint and the court filings from Lockett's bankruptcy case, of which the Court takes judicial notice.

## Discussion

Defendant argues that the Court should dismiss Lockett's claims because judicial estoppel bars this action and because Lockett lacks standing to pursue his claims. Because Defendant's standing argument presents a threshold issue, the Court addresses it first.

### I. Standing

Defendant challenges Lockett's standing to pursue his discrimination claims for his personal benefit because the claims belong to the estate, not to Lockett. In other words, there is a "threshold issue" as to whether Lockett is the "real party in interest" or whether he is "an interloper, trying to prosecute a claim that belongs to his estate in bankruptcy." *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006).

Upon the filing of a bankruptcy petition, all of the debtor's property becomes part of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *Becker v. Verizon N., Inc.*, No. 06-2956, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007); *Biesek*, 440 F.3d at 413. The estate's property "is defined by § 541 to include 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999)

(quoting 11 U.S.C. § 541(a)(1)), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). "The phrase 'legal or equitable interests . . . in property' includes choses in action and other legal claims that could be prosecuted for benefit of the estate." *Id*. at 472–73 (citations omitted). Lockett's employment discrimination claims in this case are based on alleged injuries that occurred prior to the commencement of the bankruptcy. Those claims are also the subject of an EEO complaint initiated prior to the commencement of the bankruptcy. Lockett's employment discrimination claims against Defendant thus became property of the bankruptcy estate when Lockett filed his bankruptcy petition. *See, e.g.*, *Cable*, 200 F.3d at 472 (finding employment discrimination claims, which were based on injuries that occurred prior to the commencement of Chapter 13 bankruptcy proceedings, belonged to the estate).

The inquiry does not stop there. Lockett points out that he filed for bankruptcy under Chapter 13, which "grants the debtor possession of the estate's property[.]" *Cable*, 200 F.3d at 472 (quoting 11 U.S.C. § 1306(b)). A Chapter 13 debtor consequently has standing to bring a claim in his own name for the benefit of the bankruptcy estate—but not for his own personal benefit. *See id.* at 474 ("The Chapter 13 debtor has standing to bring claims that benefit the estate." (citing Fed. R. Bankr. P. 6009)); *In re Heath*, 115 F.3d 521, 523–24 (7th Cir. 1997); *King v. Ind. Harbor Belt R.R. Co.*, No. 2:15-CV-245 JD, 2018 WL 1566821, at *3 (N.D. Ind. Mar. 30, 2018); *Calvin v. Potter*, No. 07 C 3056, 2009 WL 2588884, at *2 (N.D. Ill. Aug. 20, 2009).

Defendant contends that Lockett is prosecuting this case for his own benefit, not on behalf of the estate, which Lockett does not dispute. Considering Lockett failed to disclose his discrimination claims against Defendant in the bankruptcy case, which has been closed, and Lockett's debt discharged, the proceeds of this lawsuit would not be distributed to creditors. *See*

6

11 U.S.C. § 350(a); *Rainey v. United Parcel Serv., Inc.*, 466 F. App'x 542, 544 (7th Cir. 2012) ("Once the bankruptcy case is closed, however, a debtor no longer can pursue claims on behalf of the estate, and typically will be estopped from pursuing claims for his *own* benefit if those claims were concealed from creditors during the bankruptcy proceedings." (emphasis original)); *King*, 2018 WL 1566821, at *3 ("Where, as here, a Chapter 13 debtor has not disclosed legal claims in his bankruptcy proceeding, he cannot claim to be bringing them for the benefit of his estate."); *Calvin*, 2009 WL 2588884, at *3 ("While Calvin, as a Chapter 13 debtor-in-possession, would have standing to bring this claim on behalf of and for the benefit of her estate, Calvin's active misrepresentation in her bankruptcy proceedings demonstrates that she is *not* bringing her discrimination claims *on behalf of* or *for the benefit of* her bankruptcy estate." (emphasis original)); *cf. Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("[I]f Cannon–Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. Cannon–Stokes never did that; she wants every penny of the judgment for herself."). For this reason as well, Lockett's unsupported argument that his creditors suffered no detriment is unpersuasive.

      Because Lockett's employment discrimination claims belong to the bankruptcy estate, he lacks standing to bring them for his own personal benefit and this case is dismissed. *Becker*, 2007 WL 1224039, at *1 (affirming dismissal on the grounds that Chapter 13 debtor lacked standing to litigate undisclosed pre-bankruptcy employment discrimination claims, which were part of the bankruptcy estate); *Calvin*, 2009 WL 2588884, at *3.

**II.     Judicial Estoppel**

Even if Lockett had standing, judicial estoppel bars Lockett's claims. "Broadly speaking, judicial estoppel precludes a party from abandoning positions after they have prevailed on them in earlier litigation." *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010) (citations omitted). To determine whether judicial estoppel applies, courts consider three factors: "(i) whether the party's positions in the two litigations are clearly inconsistent; (ii) whether the party successfully persuaded a court to accept its earlier position; and (iii) whether the party would derive an unfair advantage if not judicially estopped." *Janusz v. City of Chicago*, 832 F.3d 770, 776 (7th Cir. 2016).

"In the bankruptcy setting, a debtor who receives a discharge by concealing the existence of a chose in action cannot wait until the bankruptcy ends and then pursue the claim." *Williams*, 375 F. App'x at 627 (citation omitted); *see also Biesek*, 440 F.3d at 412 ("Plenty of authority supports the district judge's conclusion that a debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim."). "Courts do not apply judicial estoppel for the benefit of the defendant but try to protect courts and creditors from deception and manipulation." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014). It is an "equitable doctrine intended to induce debtors to be truthful in their bankruptcy filings." *Id*. (cleaned up) (citation omitted).

Again, Lockett's employment discrimination claims in this case are based on alleged injuries that occurred prior to the commencement of the bankruptcy. Those claims are also the subject of an EEO complaint initiated prior to the commencement of the bankruptcy. In his bankruptcy petition, Lockett was required to disclose any "[c]laims against third parties, whether

or not you have filed a lawsuit or made a demand for payment," with "employment disputes" listed as an example. (Bankr. Pet. at 17 of 76.) Lockett checked a box that indicated "No." (*Id.*) He then affirmed under penalty of perjury that the information he provided regarding his assets and potential assets was true and correct. (*Id.* at 41 of 76.) The bankruptcy court entered an order discharging over $90,000 of Lockett's debts in July 2021. (ECF Nos. 12-3, 12-4.) Lockett filed this employment discrimination lawsuit on December 29, 2022. (ECF No. 1.) At no point has Lockett amended his bankruptcy petition to correct his false statement. *See In re Terry Lockett*, Case No. 17-33806 (Bankr. N.D. Ill.).

The representation Lockett made was false and he obtained a benefit. *See Biesek*, 440 F.3d at 412 (noting that a discharge is a personal financial benefit to the debtor). "A financial motive to hide assets exists under Chapter 13 because the hiding of assets affects the amount that the debtor is to be discounted and must repay." *Calvin*, 2009 WL 2588884, at *4. Judicial estoppel bars Lockett from now proceeding with these claims for his personal benefit. *See Kimble*, 511 F. App'x at 575 ("By omitting her administrative charge against the Postal Service, Kimble represented that she had no claim against the Postal Service at the time of her bankruptcy, and she is estopped from arguing otherwise in a subsequent case."); *Cannon-Stokes*, 453 F.3d at 449 (holding judicial estoppel precluded employment discrimination claims which debtor had not listed as assets in schedule supporting bankruptcy petition); *Williams*, 375 F. App'x at 627 (same); *Becker*, 2007 WL 1224039, at *1 ("[I]n addition to her standing defect, Becker's failure to disclose her [employment discrimination] claims during the bankruptcy proceeding judicially estops her from pursuing them now."); *Calvin*, 2009 WL 2588884, at *4 ("The representation Calvin made was false and she obtained a benefit, therefore judicial estoppel blocks Calvin from proceeding with these claims for her personal benefit."). Dismissal

9

based on judicial estoppel is with prejudice. *See Douglas v. I.Q. Data Int'l, Inc.*, No. 1:20-CV-03655, 2021 WL 2000282, at *3 (N.D. Ill. May 17, 2021).

Lockett argues that he should not be judicially estopped because his omission was inadvertent and the result of a mistake of his bankruptcy lawyer. Litigants have attempted to raise this same argument numerous times and failed. *See Kimble*, 511 F. App'x at 575 ("But Kimble was represented in her bankruptcy proceedings, and a debtor in bankruptcy court is bound by her lawyer's failure to disclose relevant information."); *Cannon-Stokes*, 453 F.3d at 449 ("The signature on the bankruptcy schedule is hers. The representation she made is false; she obtained the benefit of a discharge; she has never tried to make the creditors whole; now she wants to contradict herself in order to win a second case. Judicial estoppel blocks any attempt to realize on this claim for her personal benefit."); *Williams*, 375 F. App'x at 628 ("[B]laming his lawyers' advice for his own incomplete disclosure is legally unavailing."); *Becker*, 2007 WL 1224039, at *1 ("Becker intimates that her failure to disclose this lawsuit in her sworn financial statement was unintentional, but her subjective intent does not matter."); *Douglas*, 2021 WL 2000282, at *3; *Esparza v. Costco Wholesale Corp.*, No. 10 CV 5406, 2011 WL 6820022, at *5 (N.D. Ill. Dec. 28, 2011); *Calvin*, 2009 WL 2588884, at *4.

Lockett cites *Spaine v. Community Contacts, Inc.* for the proposition that judicial estoppel requires proof of subjective intent to deceive. 756 F.3d 542, 548 (7th Cir. 2014) ("For judicial estoppel to apply, Community Contacts needed to show more than an initial nondisclosure on a bankruptcy schedule."). But the facts of that case are materially distinguishable from those at issue here. In *Spaine*, the debtor initially failed to disclose pending discrimination claims on her Chapter 7 schedules of assets. *Id.* at 544. However, at the first opportunity after filing those incomplete schedules and before receiving a discharge, she

10

disclosed her discrimination claims orally to the bankruptcy trustee and judge. *Id*. at 544–45. Consequently, the Seventh Circuit found that the debtor's "creditors were not and could not have been injured by incomplete Chapter 7 schedules that were orally corrected before Spaine received a discharge." *Id.* The court further found, "That's all the record in this case indicates, at least as a matter of law: incomplete schedules cured by an oral disclosure that permitted the trustee to assess and ultimately decide to abandon Spaine's claims against the defendant." *Id*. at 548. The court went on to note, "That is not to say that Spaine's oral disclosure of the lawsuit would necessarily foreclose use of judicial estoppel if Community Contacts could prove that Spaine's omission, though later cured, was an intentional effort to conceal an asset from her creditors." *Id*. at 548.

Here, Lockett gives no indication, and the bankruptcy record does not reflect, that he ever disclosed his employment discrimination claims to the bankruptcy trustee or court or intends to do so. This case is more analogous to *Becker*, wherein the debtor—who made no apparent attempt to cure her failure to disclose pending discrimination claims in her Chapter 13 bankruptcy proceedings—argued that her failure was "unintentional," and the Seventh Circuit found that "her subjective intent does not matter." 2007 WL 1224039, at *1 (citing *Cannon-Stokes*, 453 F.3d at 449).

The two nonbinding cases cited by Lockett are similarly materially distinguishable. In *Slater v. United States Steel Corporation*, the debtor amended her bankruptcy petition to disclose her employment discrimination claims, after which the bankruptcy court permitted the bankruptcy trustee to pursue the claims on behalf of the estate. 871 F.3d 1174, 1178 (11th Cir. 2017). And in *Ah Quin v. County of Kauai Department of Transportation*, the debtor moved to reopen her bankruptcy case to set aside the discharge and amend her bankruptcy schedules to list

11

pending discrimination claims as an asset. 733 F.3d 267, 270 (9th Cir. 2013). The bankruptcy trustee filed a report that abandoned the trustee's interest in the pending discrimination action, to which the debtor's unsecured creditors did not object. *Id.*

Again, Lockett gives no indication, and the bankruptcy record does not reflect, that he attempted or intends to make the creditors whole. There is also no indication that the bankruptcy trustee abandoned the claims against Defendant. *See Calvin*, 2009 WL 2588884, at *2 ("If a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest." (citing 11 U.S.C. § 554(d))). Now Lockett "wants to contradict himself in order to win a second case." *Cannon-Stokes*, 453 F.3d at 449.

Accordingly, in addition to his standing defect, Lockett's failure to disclose his claims during the bankruptcy proceeding judicially estops him from pursuing them now for his personal benefit.

## Conclusion

The Court grants Defendant's motion to dismiss [11]. Civil case terminated.

SO ORDERED.   ENTERED: January 26, 2024

_____
**HON. JORGE ALONSO**
**United States District Judge**